IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEOHEIDI LeBLUE as Personal Administrator for the ESTATE OF CORBEN HUNTER JONES and as an individual, and GEORGE MYRON CARDINAL,<br>    *Plaintiffs*,<br><br>v.<br><br>SIX UNKNOWN U.S. MARSHALS, *et al.*,<br>    *Defendants*. | Case No. CIV-21-218-RAW |

## ORDER

This matter came on for hearing on August 31, 2022 on the motion to dismiss the Amended Complaint filed by Colonel Brent Sugg [Docket No. 50].[1] Colonel Sugg was named in his individual capacity in the Amended Complaint.[2] As a preliminary matter, the court ruled that it would not dismiss the Amended Complaint as untimely. The court then heard oral argument regarding the motion to dismiss and the Plaintiffs' request to file another amended complaint.

For the reasons stated at the hearing, the motion to dismiss is granted. To plausibly allege a claim for supervisory liability, Plaintiffs must allege an "affirmative link" between

---

[1] No response to this motion has been filed despite the court directing Plaintiffs to show cause for their failure to respond and attach any response they have. Docket No. 78. Plaintiffs responded to the show cause order but did not attach a response to the motion to dismiss. Docket No. 79. Colonel Sugg then filed a response to Plaintiffs' response to the show cause order. Docket No. 81.

[2] In the original Complaint, Colonel Sugg was named in his official capacity only. Colonel Sugg filed a motion to dismiss the original Complaint, and it was fully briefed. Docket Nos. 22, 29, and 36. In that briefing, Plaintiffs conceded the claims against Colonel Sugg in his official capacity. The court notes that in their response to the court's show cause order, Plaintiffs adopt their response to the original motion to dismiss, but it is inapplicable here, as the current claims are against Colonel Sugg in his individual capacity.

Colonel Sugg and the alleged constitutional injury by alleging that: (1) Colonel Sugg promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199-200 (10th Cir. 2010) (citation omitted).

As stated at the hearing, Plaintiffs have not plausibly pleaded a supervisory liability claim against Colonel Sugg. Of course, the court accepts the allegations in the Amended Complaint as true, but the allegation that he "knew or should have known" is conclusory and not sufficient to state a claim. "Determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Within the court's judicial experience and common sense, Plaintiffs have not stated a plausible claim absent factual allegations showing Colonel Sugg's personal participation in the actions leading to the incident in this case and/or factual allegations showing that he performed his duties with the purpose of violating Constitutional rights. As Plaintiffs have not alleged a Constitutional violation, Colonel Sugg is entitled to qualified immunity.

Furthermore, the court found that amendment would be futile. As noted at the hearing, Plaintiff has had ample opportunity to respond to the motion to dismiss and it is unlikely that Plaintiffs can allege sufficient facts to state a claim that Colonel Suggs promulgated, created, implemented or possessed responsibility for the continued operation of a policy with the intention of violating Constitutional rights.

**IT IS SO ORDERED** this 1st day of September, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**